UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00255-JCM-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| TAPESTRY AT TOWN CENTER HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court is the order for the parties to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 17. The Court has received responses to that order to show cause, Docket Nos. 18, 20, which are insufficient to establish the Court's subject matter jurisdiction over this case. The crux of the jurisdictional uncertainty is that no showing has been made regarding the citizenship of each member of Saticoy Bay. Docket No. 17 at 2. Saticoy Bay responded to the order to show cause by refusing to identify its members, but including a representation by its counsel that its members are all citizens of Nevada. Docket No. 18 at 2. That showing is insufficient.

Plaintiffs are permitted to file a complaint alleging the citizenship of adverse parties on information and belief when the information necessary to determine citizenship is in the control of the adverse party. *See, e.g.*, *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). What is necessary to establish subject matter jurisdiction changes once the defendants appear, however. In the event defendants appear and challenge subject matter jurisdiction, a district court may

1  allow jurisdictional discovery and re-evaluate its jurisdiction based on the record developed by the
2  parties. *See id.* at 1088. In the event defendants appear and acquiesce in the existence of subject matter
3  jurisdiction, district courts nonetheless remain duty-bound to ensure that jurisdiction exists. *See, e.g.,*
4  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("a district
5  court's duty to establish subject matter jurisdiction is not contingent on the parties' arguments"). In that
6  situation, a district court may itself require a further showing of citizenship to confirm its jurisdiction.
7  *Carolina Casualty*, 741 F.3d at 1088 (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980
8  F.2d 1072, 1074 (7th Cir. 1992)).

9  In this instance, Defendants have appeared and acquiesced in the Court's subject matter
10 jurisdiction over the instant dispute. Because the parties all acquiesce in jurisdiction but the record does
11 not establish diversity among the parties, the Court may require a further showing from the parties.
12 "Once the court sounds the alarm, the litigants must be precise." *Sylver v. Titan Digital Media Ventures,*
13 *LLC*, 2009 WL 1616118, *2 (C.D. Cal. June 8, 2009) (quoting *America's Best Inns*, 980 F.2d at 1073).
14 As an initial matter, the showing of citizenship in responding to an order to show cause must be made
15 through competent evidence, usually a declaration based on personal knowledge. *America's Best Inns*,
16 980 F.2d at 1074 ("only the affidavit made on personal knowledge has any value"). Such a declaration
17 must actually identify each relevant person or entity, in addition to their citizenship. *Id.* at 1073 ("It is
18 impossible to determine diversity of citizenship without knowing who the persons in question are").
19 Such declarations must also be specific to the time frame from which diversity jurisdiction is
20 determined, which is generally the date the complaint was filed. *Id.*; *see also Harris v. Bankers Life &*
21 *Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("Diversity jurisdiction is based on the status of the parties
22 at the outset of the case").[1]

23 Saticoy Bay's response to the Court's order to show cause fails in each of these respects. No
24 declaration was filed of any kind, let alone one based on personal knowledge. Instead, the Court was
25 provided solely a representation by counsel in a brief. Docket No. 23 at 2. Counsel fails to identify its

---

[1] To be clear, this is not an exhaustive list of the requirements for properly responding to an order to show cause such as the one issued in this case.

2

members, stating only that they are citizens of Nevada. *Id.* In addition, counsel does not specify the time frame to which the information pertains, but it appears to be related to citizenship as of the date the response to the order to show cause was signed as it is written in the present tense. *Id.*

There may well be diversity jurisdiction in this case, but the Court will not make such a determination relying on such a vague and unsubstantiated representation as has been presented in response to the order to show cause. The Court will afford one further opportunity to make a proper showing regarding diversity. Counsel should consult relevant legal authority, including but not limited to the authority outlined herein, and ensure that this further showing is sufficient for the Court to make a finding regarding its citizenship. This declaration shall be filed no later than May 17, 2016.[2] All parties are further ordered to show cause in writing, no later than May 24, 2016, why this case should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: May 11, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Because the Court is ordering Saticoy Bay to provide the relevant information directly to the Court, Plaintiff's request for jurisdictional discovery is denied as duplicative. *See* Docket No. 20 at 3.